# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### September 21, 2011 Session

## ROBIN CLAIRE PEARSON GORMAN v. TIMOTHY STEWART GORMAN

**Appeal from the Chancery Court for Coffee County**
**No. 09186     Vanessa Jackson, Judge**

---

**No. M2010-02620-COA-R3-CV - Filed November 16, 2011**

---

FRANK G. CLEMENT, JR., J., concurring.

I fully concur with the reasoning and result in this opinion. Agreeing that the two most significant points we derive from *Gonsewski* are "the great deference appellate courts are to give to the trial court's decisions regarding alimony and the disfavor for long-term alimony," I write separately to recognize an important exception to the deferential standard of review that was not affected by *Gonsewski*, that being the less deferential standard that applies when the alimony decision is based upon findings of fact that are not supported by the evidence.[1] Such was the case in *Jekot v. Jekot*, No. M2010-02467-COA- R3CV, 2011 WL 5115542 (Tenn. Ct. App. Oct. 25, 2011), wherein we recently reversed the trial court's alimony award.

In *Jekot*, the trial court found that the husband's medical practice income had decreased by one-third since the divorce five years earlier and it was principally upon this finding of fact that the trial court reduced the husband's alimony obligation from $9,000 per month to $5,000 per month. We reversed based upon the determination that the evidence in that record preponderated against this and other material findings of fact.

---

[1]As we stated recently in *Bordes v. Bordes*, No. M2010–02036–COA–R3–CV, 2011 WL 4542255, at *2 (Tenn. Ct. App. Sept. 30, 2011), which opinion applied the *Gonsewski* standards: "We review the trial court's specific findings of fact de novo in accordance with Tenn. R. App. P. 13(d). Thus, when the trial court has set forth its factual findings in the record, we will presume the correctness of those findings unless the evidence preponderates against them. *See, e.g., Crabtree v. Crabtree*, 16 S.W.3d 356, 360 (Tenn. 2000)."

We began our analysis, as *Gonsewski* directs*,* with the presumption that the trial court's decision to reduce alimony was the correct decision. *Jekot*, 2011 WL 5115542, at *3 (citing *Gonsewski v. Gonsewski*, 2011 WL 4116654, at *3, — S.W.3d — (Tenn. Sept. 16, 2011). Then we examined the factual basis of the wife's contention that the trial court erred in determining that a substantial and material change had occurred, which warranted a change in alimony. Upon review of the *Jekot* record it became apparent that the trial court had erroneously focused its attention on one source of the husband's income, the income from his medical practice as an orthopedic surgeon, which had decreased, and that the facts preponderated against the trial court's finding that the husband's income from all sources had declined. *See Jekot*, 2011 WL 5115542, at *6 (citing *Richardson v. Spanos*, 189 S.W.3d 720, 726 (Tenn. Ct. App. 2005)) (noting that determining a party's income is a question of fact that requires careful consideration of all the attendant circumstances). As we explained in *Jekot*:

> We acknowledge Husband's argument that income from his solo practice has decreased, and we agree it has decreased; however, *it is inappropriate to focus on one source of income when the party has multiple sources of income. See Church v. Church*, 346 S.W.3d 474, 486 (Tenn. Ct. App. 2010) (quoting *Killian v. Killian*, No. M2010–00238–COA–R3–CV, 2010 WL 3895515, at *4 (Tenn. Ct. App. Oct. 5, 2010)(stating the court "is not so much concerned with a reduction in income from one source as it is concerned with whether Petitioner has sustained a significant change in his income from all sources."). For example, Husband's Schedule E income decreased from 2005, when it was $522,929, to $348,929 in 2009, and the trial court apparently focused on this to support its finding that Husband's income has decreased. We, however, believe the trial court erred as a matter of law by limiting its examination of Husband's ability to pay alimony to Husband's Schedule E income instead of considering Husband's total income from all sources to determine whether there had been a substantial and material reduction in Husband's ability to pay alimony. *See Church*, 346 S.W.3d at 486; *Killian*, 2010 WL 3895515, at *4.

*Jekot*, 2011 WL 5115542, at *5 (emphasis added).

We also found that the husband's ability to pay had not decreased because his expenses had not "substantially and materially" increased. We found that the only substantial expense the husband had incurred "since the divorce" was the "alimony expense." As we explained:

> Although his duty to pay $108,000 per year is substantial and it is an expense he did not have prior to the entry of the divorce decree, this "expense" is not

*material* to the petition to modify alimony. To constitute a *material change,* the change must occur *after* the entry of the entry of the decree to be modified and it must have been *unanticipated. Byrd*, 184 S.W.3d at 691; *Bogan*, 60 S.W.3d at 728; *Watters v. Watters*, 22 S.W.3d 817, 821 (Tenn. Ct. App. 1999) (stating that a change in circumstances is "material" when the change occurs since the date the alimony was ordered, and the change was not within the contemplation of the parties when they entered into the property settlement).

*Id.* at *6 (emphasis in original).

After consideration of all the attendant circumstances, we determined:

[t]he evidence preponderates against the trial court's finding that a substantial and material change of circumstance occurred since the entry of the order setting alimony in 2005. Because there is no substantial and material change in the parties' circumstances since alimony was set, the trial court erred, as a matter of law, by modifying Husband's alimony obligation. *See Byrd*, 184 S.W.3d at 691 (citing Tenn. Code Ann. § 36–5–101(a)(1)) (stating modifications of alimony may be granted only upon a showing of a substantial and material change in circumstance since entry of the original support order). Accordingly, we reverse the trial court's modification and remand with instructions that the alimony award set forth in the divorce decree be reinstated.

*Id.* at *8.

Unlike *Jekot*, the evidence in this record does not preponderate against the findings of fact upon which the trial court based its alimony determination. Furthermore, we find no abuse of the trial court's discretion because the record reveals that the trial court applied the correct legal standard and reached a decision that is not clearly unreasonable. *See Gonsewski*, 2011 WL 4116654, at *3, — S.W.3d —. Accordingly, it is our duty to affirm the alimony award.

_____
FRANK G. CLEMENT, JR., JUDGE